IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

IBRAHIM HALIL HERDEM,

Petitioner,

vs.

TODD M. LYONS, in his official capacity as
Acting Director and Senior Official Performing
the Duties of the Director of U.S. Immigration
and Customs Enforcement; and JEROME
KRAMER, Sheriff of Lincoln County Jail,
Nebraska, custodian of detainees of the Lincoln
County Jail In his official capacity,

Respondents.

**4:26CV3158**

**ORDER TO SHOW CAUSE**

In this action for habeas corpus relief pursuant to 28 U.S.C. § 2241, filed May 26, 2026, Petitioner Ibrahim Halil Herdem, an alien who is a citizen of Turkey, challenges his detention by Immigration and Customs Enforcement (ICE) without mandatory custody reviews required by 8 C.F.R. § 241.4, without responding to his inquires, and without providing evidence that removal to a third country is significantly likely in the reasonably foreseeable future under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Filing 1 at 2 (¶¶ 3–5).[1] He alleges that his prolonged detention violates the Due Process Clause of the Fifth Amendment and exceeds the statutory authority conferred by 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Filing 1 at 2 (¶ 6). He asserts that his continued detention has also resulted in severe and ongoing harm to his physical health and forced him to endure "inhumane and unsanitary detention conditions." Filing 1 at 2–3 (¶¶ 7–8). He asserts claims of violation of substantive due process

---

[1] Although Herdem does not acknowledge the fact anywhere in his current Petition, Herdem previously filed a similar Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on January 27, 2026, but the Court denied that Petition in its entirety on March 20, 2026. *See Herdem v. Noem*, No. 7:26CV5001, 2026 WL 788087 (D. Neb. Mar. 20, 2026).

1

under the Fifth Amendment (Count I); violation of 8 U.S.C. § 1231(a)(6) and "the *Zadvydas* limitation" (Count II); violation of procedural due process under the Fifth Amendment (Count III); and violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706 (Count IV). Filing 1 at 16–17 (¶¶ 73–87).

Summons has not yet issued on Herdem's Verified Emergency Petition for Writ of Habeas Corpus. Filing 1. Nevertheless, the Court concludes that it should enter this Order to Show Cause.

As the United States Supreme Court explained, "In enacting the present Title 28 of the United States Code [in 1948], Congress largely recodified the federal courts' pre-existing habeas authority in §§ 2241 and 2243, which, respectively, confer the power to grant the writ and direct the issuing court to 'dispose of the matter as law and justice require.'" *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (quoting 62 Stat 869, 964–65). As to habeas relief, "a habeas court is 'not bound in every case' to issue the writ." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)). Instead, "[t]he habeas statute provides only that a writ of habeas corpus "*may* be granted." *Id.* (quoting 28 U.S.C. § 2241(a), with emphasis added by the Supreme Court).

As to the applicable procedure for habeas actions, 28 U.S.C. § 2243 provides as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

> Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.
>
> The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.
>
> The return and all suggestions made against it may be amended, by leave of court, before or after being filed.
>
> The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

28 U.S.C. § 2243. Thus, "[u]nder 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022).

This Court concludes that it is not clear from Herdem's Petition that he is not entitled to relief. *Id.*; 28 U.S.C. § 2243 (stating that the court must grant habeas relief or hold a show-cause hearing "unless it appears from the application that the applicant or person detained is not entitled thereto."). On the other hand, the Court declines to "forthwith award the writ" based on no more than Herdem's allegations. 28 U.S.C. § 2243. Instead, the Court concludes that the proper course in this case is to "issue an order directing the respondent to show cause why the writ should not be granted." *Id.*

Section 2243 sets out certain times for Respondents' "return" of the order to show cause and the setting of a hearing. *Id.* While the Court will set a time frame for Respondents to "make a return certifying the true cause of the detention," the time for Respondents to do so will not begin to run until Respondents are served with Herdem's Petition and this Order to Show Cause. The Court finds good cause, based on the circumstances and allegations presented, to allow Herdem the opportunity for a written reply after Respondents make their return but before any hearing. *Id.* (stating, "When the writ or order is returned a day shall be set for hearing, not more than five days

3

after the return unless for good cause additional time is allowed."). Because the deadlines for Respondents' return and Herdem's reply depend upon service of the Respondents, the Court will wait until it has reviewed the parties' briefs to decide whether or not to set a date and time for any show-cause hearing. *See Ruiz v. Norris*, 71 F.3d 1404, 1406–07 (8th Cir. 1995) (explaining that "an evidentiary hearing [in a habeas case] is unnecessary and not required in cases 'where the petitioner's allegations, even if true, fail to state a claim upon which habeas relief can be granted'" (quoting *Amos v. State*, 849 F.2d 1070, 1072 (8th Cir. 1988))).

Accordingly,

IT IS ORDERED that

1.      Petitioner Herdem shall serve his Petition and a copy of this Order to Show Cause on Respondents without delay and shall file proof of such service with the Court within twenty-four hours of effecting such service;

3.      Respondents shall make a return certifying the true cause of Herdem's detention and why his Petition should not be granted not later than three business days after service of Herdem's Petition and this Order to Show Cause;

4.      Petitioner Herdem shall have three business days after Respondents file their return(s) to file any reply; and

5.      Upon the filing of Respondents' return(s) and Herdem's reply, the Court will determine whether or not to set a hearing on this matter prior to disposition.

Dated this 28th day of May, 2026.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

4